OPINION
PER CURIAM.
In February 2003, Appellant Stephen Wortman filed suit under § 1983 against government officials and prison staff at Union County Jail in New Jersey. The District Court dismissed the complaint against all but two of the named defendants (Appellees Crose and West), and dismissed all but two of Wortman’s claims against them: “denial of recreation as against Defendant Crose and ... denial of a wheelchair as against West.” (Dist. Ct. Op. at 2.)
In March 2005, the District Court granted West’s motion to dismiss the complaint because Wortman refused to comply with discovery requests or otherwise respond to pleadings. The District Court denied, however, Crose’s similar motion to dismiss the complaint. This left the sole claim of “denial of recreation as against Crose,” for which Wortman sought only injunctive relief.
At some point during the course of litigation, Wortman was transferred from Union County Jail to the New Jersey State Prison in Trenton. Given that Crose was no longer capable of denying Wort-man his recreational needs as a result of the transfer, the District Court dismissed Wortman’s complaint as moot. Wortman appealed from that decision.
We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court’s order dismissing the complaint on mootness grounds is plenary. See Int’l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 914 (3d Cir.1987). Having granted Wortman leave to proceed in forma pau-peris, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
We conclude that Wortman’s appeal is legally frivolous for the reasons given by the District Court. See also Burns v. PA. Dep’t of Corr., 544 F.3d 279, 283 (3d Cir.2008). Notably, at no point in the hundreds of pages that Wortman has submitted on appeal does he address the District Court’s decision to dismiss his complaint as moot. In fact, it seems that Wortman is instead attempting to argue claims from a different lawsuit. See CA 07-1463 (procedurally terminated pursuant to LAR 3.3 and LAR Mise. 107.1(a)).
Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Wortman’s motions for “single judge review,” to “hear appeal on *711 full record,” and “in opposition to the admittance of Appellee[’s] counsel,” are denied. Wortman’s motion for appointment of counsel is denied moot. The motion “for leave to file an enlarged brief’ is granted.